1

2

3

4

5

6

7

8                        IN THE UNITED STATES DISTRICT COURT

9                      FOR THE EASTERN DISTRICT OF CALIFORNIA

10    GAN LI,

11              Petitioner,                    No. CIV S-08-2739 EFB P

12         vs.

13    MICHAEL B. MUKASEY, et al.,

14              Respondents.                   ORDER

15    _____/

16         Petitioner, a detainee of U.S. Immigration and Customs Enforcement (ICE), has filed a

17    petition for a writ of habeas corpus challenging the length of his detention.  *See* 28 U.S.C.

18    § 2241.  This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C.

19    § 636(b)(1) and is before the undersigned pursuant to the consent of the parties.  *See* 28 U.S.C.

20    § 636; *see also* E.D. Cal. Local Rules, Appx. A, at (k)(4).

21         On September 11, 2009, respondent filed a motion to dismiss for mootness, informing the

22    court that petitioner was released from ICE custody pursuant to an Order of Supervision on

23    September 11, 2009.[1]  Dckt. No. 13 at 1 (citing to *Picrin-Peron v. Rison*, 930 F.2d 773 (9th Cir.

24    _____

25         [1] On November 4, 2009, the court informed petitioner that failure to file a written
      opposition or a statement of no opposition may be deemed a waiver of any opposition to the
      motion, gave petitioner 30 days to file an opposition or statement of non-opposition and warned
26    him that failure to do so would result in this action being dismissed.  *See* Fed. R. Civ. P. 41(b).

1991)).  Attached to the motion is a copy of an "ICE Notification of Order of Supervision," indicating that petitioner was released from ICE custody on September 11, 2009, pending his removal from the United States.  Dckt. No. 13 at 4-5.

Under Article III, § 2 of the federal Constitution, a federal court's jurisdiction is limited to those cases which present "cases-or-controversies."  *Spencer v. Kemna*, 523 U.S. 1, 7 (1998). The case or controversy requirement of Article III of the Federal Constitution deprives the court of jurisdiction to hear moot cases.  *Iron Arrow Honor Soc'y v. Heckler*, 464 U.S. 67, 70 (1983); *NAACP., Western Region v. City of Richmond*, 743 F.2d 1346, 1352 (9th Cir. 1984).  A case becomes moot if the "the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome."  *Murphy v. Hunt*, 455 U.S. 478, 481 (1982) (internal quotations omitted).  That is, a federal court does not have power to decide a matter that does not affect the rights of litigants in the case before it.  *Lewis v. Continental Bank Corp.*, 494 U.S. 472, 477-78 (1990); *Mitchell v. Dupnik*, 75 F.3d 517, 527-28 (9th Cir. 1996).  This court may only grant the petition for writ of habeas corpus if petitioner can show that "he is in custody in violation of the Constitution or laws or treaties of the United States."  28 U.S.C. § 2241(c)(3). Since petitioner is no longer in custody, this action is moot.

Accordingly, it is hereby ORDERED that respondent's September 11, 2009 motion to dismiss is granted and this action is dismissed for lack of jurisdiction as it is now moot.

Dated:  January 7, 2010.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE

The 30 days have passed and petitioner has not filed an opposition or a statement of no opposition and has not otherwise responded to the November 4, 2009 order.